IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JIMMIE ROACH                                                                        PETITIONER

v.                                            CIVIL ACTION NO. 1:13CV565-TSL-JCG

STATE OF MISSISSIPPI and
CHRISTOPHER EPPS, Commissioner of
the Mississippi Department of Corrections                              RESPONDENTS

### REPORT AND RECOMMENDATION

BEFORE THE COURT is the Application of Jimmie Roach ["Petitioner"] for Writ of Habeas Corpus [1] pursuant to Title 28, United States Code, Section 2254 filed November 1, 2013.  On March 28, 2014, the State of Mississippi and Commissioner Epps ["Respondents"] filed a Response [6] to the instant Petition, and Roach filed a Traverse [9].  Having considered the submissions, records on file, the arguments of the parties, and the relevant legal authority, the undersigned United States Magistrate Judge recommends that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be denied.

BACKGROUND[1]

On January 22, 2003, a confidential informant (CI) reported to Shannon Bullock, an investigator with the Hinds County Sheriff's Department, that he had witnessed the possession and distribution of cocaine at the home of Petitioner Jimmie Roach.  In turn, Investigator Bullock relayed this information to another

---

[1] These facts are as set out in the Supreme Court of Mississippi's opinions in Roach's direct appeal, *Roach v. State*, 7 So. 3d 911, 913-14 (Miss. 2009), and habeas corpus application, *Roach v. State*, 116 So. 3d 126, 129 (Miss. 2013).

Hinds County investigator, Richard Spooner. On the same day, Investigators Spooner and Bullock met with the CI to arrange a controlled buy of crack cocaine from Roach at his residence. Investigator Spooner testified that following the purchase, field tests of the substance confirmed it was crack cocaine. The following day, January 23, 2003, Investigator Spooner signed and presented an Affidavit for Search Warrant to Hinds County Judge Parker for the purpose of obtaining a search warrant for Roach's residence. Without relaying any information about the controlled buy one day earlier, Investigator Spooner, in the affidavit, characterized the CI as being a "truthful, credible, and a reliable source" who had furnished him with "information in the past."[2] Attached to the Affidavit for Search Warrant was a document entitled "Underlying Facts and Circumstance Sheet," also signed by Investigator Spooner. Spooner stated:

> On morning of Thursday, January 23, 2003, I, Investigator R.W. Spooner, received information from a Confidential Informant that cocaine was being stored and sold from a residence located at ▮▮▮▮▮▮▮▮▮▮▮▮▮, Jackson, Mississippi. This Confidential Informant has observed cocaine being stored and distributed from this location within the last twenty-four hours and has identified the owner of this residence to be a black male known only to the Confidential Informant as "Jimmy Roach."
>
> This Confidential Informant, having furnished me with information in the past that has proven to be true and correct regarding the trafficking

---

[2] Investigator Spooner later testified at the suppression hearing that, in the Underlying Facts and Circumstance Sheet, he did not include information about the controlled buy that took place prior to the issuing of the warrant for fear of revealing the identity of the CI. Investigator Spooner also testified that he had spoken with this particular CI on several occasions, each of which involved another officer's case.

> of illicit narcotics, is known by me to be a truthful, credible, and a reliable source of information.
>
> Based upon these underlying facts and circumstances, I, Investigator R.W. Spooner, request that a search warrant be issued for the search of the residence located at ███████████ in the First Judicial District of Hinds County, Jackson, Mississippi, for the search and seizure of cocaine, paraphernalia related to the trafficking of cocaine, and any monetary instruments derived from the trafficking of cocaine. This search to include any outbuildings, vehicles located on the property, and any safe or locked containers found on the premises.

*Roach*, 7 So. 3d at 913-14.

Execution of the search warrant on January 23, 2003, resulted in the detention and questioning of five people, including Roach and his wife, Petrice. During the course of the search, cocaine and hydromorphone were recovered. A small bag with 1.86 grams of crack cocaine was found in one of the couch cushions in the living room. In front of the refrigerator in the kitchen, a bag containing crack cocaine and 400 dosage units of hydromorphone was discovered.

Roach and Petrice were tried together. At the conclusion of the presentation of all the evidence, the trial court granted a directed verdict in favor of Petrice due to insufficient evidence that she was in possession of the drugs. However, the jury rendered a guilty verdict against Jimmie Roach, who was sentenced to consecutive terms of forty-eight years for the cocaine and sixty years for the hydromorphone. The trial judge found Roach to be a drug recidivist pursuant to Mississippi Code Section 41–29–147 (Rev. 2005), and thus doubled the statutory maximum penalty. The trial judge likewise found Roach to be a habitual criminal pursuant to Mississippi Code Section 99–19–81 (Rev. 2007), directing that these sentences be

served without the benefit of reduction or suspension of sentence or eligibility for parole or probation.

Roach appealed, and the Court of Appeals reversed and remanded for a new trial on a search warrant issue. *Roach v. State*, 7 So. 3d 932, 933 (¶1) (Miss. Ct. App. 2007). The State filed a petition for writ of certiorari, which was granted; the Court reinstated and affirmed the trial court's judgment of conviction and sentence. *Roach v. State*, 7 So. 3d 911, 928 (¶ 42) (Miss. 2009).

In May 2010, Roach filed an application for permission to file a motion for post-conviction relief in the trial court. The application was granted by the Mississippi Supreme Court, and he filed, pro se, a motion for post-conviction relief. Roach asserted, *inter alia*, that he was entitled to a new trial based on newly discovered evidence. He claimed that a juror had been exposed to extraneous information supplied by law enforcement personnel during his trial. Roach submitted the affidavit of Juror Derrick Tate, in which Tate explained that during Roach's trial he had approached two police officers, who were the State's witnesses, and asked them how much time Roach would get if he was found guilty. According to Tate's affidavit, the officers replied that Roach would get five to eight years. The affidavit provided, "As a result of being so advised[,] I voted guilty[.]"

A hearing on Roach's motion for post-conviction relief took place on December 15, 2010. Roach's brother, Preston Roach, testified at the hearing that, after the trial and sentencing, he was standing outside the courthouse with family members discussing Roach's sentence when Tate approached. Tate joined the conversation

and made a statement that he had heard the sentence would not be more than five to eight years. Preston testified that he mentioned Tate's statement to Roach's appellate attorney some time between 2004 and 2006, while Roach's appeal was ongoing. The judge held that Roach had failed to present sufficient facts upon which relief could be granted, and he denied Roach's motion for post-conviction relief.

Roach appealed on the newly discovered evidence issue, and the Court of Appeals affirmed. *Roach v. State*, 116 So. 3d 149 (Miss. Ct. App. 2012). The Court of Appeals noted the trial court's finding that Tate had given at least five different versions of what happened with the two officers and that Tate had tailored his story to "what the asking party wanted to hear." *Id*. at 151 (¶8). On that basis, the Court of Appeals found the issue to be without merit. *Id*.

Roach filed a petition for writ of certiorari, which the Mississippi Supreme Court granted. The only issue on appeal was whether Roach was entitled to post-conviction relief based on newly discovered evidence that a member of the jury was exposed to extraneous information. *Roach v. State*, 116 So. 3d 126, 130-31 (Miss. 2013). The court affirmed the circuit court's denial of Roach's motion for post-conviction relief and the Court of Appeals' judgment affirming it. *Id*. at 135.

Roach then filed this federal habeas petition, presenting the following seven grounds for relief:

    Ground One:    The trial court erred in denying the motion to suppress.

| | |
|---|---|
| Ground Two: | The trial court erred in refusing to order the prosecution to reveal the name of the confidential informant. |
| Ground Three: | The trial court erred in failing to grant a mistrial when defendant's witness John Henry Clark, Jr. was arrested after he testified. |
| Ground Four: | The trial court erred in denying co-defendant Petrice Roach's motion for a directed verdict. This error violated Jimmie Roach's right to call her as a witness on his behalf. |
| Ground Five: | The evidence is insufficient to support the verdict or, in the alternative, the verdict is against the overwhelming weight of the evidence. |
| Ground Six: | Roach's sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. |
| Ground Seven: | Roach was denied a fair trial inasmuch as the jury was exposed to an outside influence. And because all of the jurors were not questioned regarding the influence, Roach was denied a full and fair hearing on the issue. |

## DISCUSSION

<u>The Standard of Review</u>

The Court's review of Roach's Petition and the state court proceedings indicates that the Petition contains both exhausted and unexhausted claims. Grounds One, Two, Four, Five and Six of Roach's Petition were considered on the merits by Mississippi's highest court in the direct appeal of Roach's conviction and sentence. Ground Seven was considered on the merits by the Mississippi Supreme Court in post-conviction review. Under the Antiterrorism and Effective Death Penalty Act [AEDPA], where the issues were previously decided in the state court

on the merits, that adjudication is entitled to deference. *Amos v. Thornton,* 646 F.3d 199, 204 (5th Cir. 2011). The federal courts do not function as super appellate courts over the states and hold no supervisory authority over those courts. The Court may not correct errors of state law unless they also violate the constitutional rights of an accused. *Smith v. Phillips,* 455 U.S. 209, 221 (1981); *Engle v. Isaac,* 456 U.S. 107, 121, n.21 (1982). Habeas review of the exhausted issues presented in Roach's petition is barred unless the Court determines that the state court's decisions were "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Under the "contrary to" test of the AEDPA, a federal court may grant a writ of habeas corpus, with respect to claims adjudicated on the merits in state court, only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 402-03 (2000). Additionally, under the "unreasonable application" standard of review of a state court decision federal courts should inquire whether the state court's application of clearly established federal law was *objectively* unreasonable. *Tucker v. Johnson,* 242 F.3d 617, 620-21 (5th Cir. 2001). The statute presumes each factual finding by the state court is correct. These findings can be disturbed only if the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The Court

considers all evidence in the light most favorable to the prosecution, while referring to the substantive elements of the criminal offense as defined by state law. *Weeks v. Scott,* 55 F.3d 1059, 1062 (5th Cir. 1995).

Ground Three, concerning the arrest of one of Roach's testifying witnesses, has not been reviewed by the State courts. Roach challenged the propriety of the arrest on appeal, but on different grounds from those presented here. As discussed below, the Court finds Ground Three to be an unexhausted and unreviewable.

Denial of the Motion to Suppress

In Ground One, Roach argues that evidence of the drugs that were found when the search warrant was executed should have been suppressed. According to Roach, Investigator Spooner failed to sufficiently vouch for the CI's credibility, and therefore the search warrant based on information from the CI was issued without probable cause.

This claim implicates Roach's Fourth Amendment rights. A federal court considering a habeas claim brought pursuant to § 2254 alleging Fourth Amendment claims should not review the state's factual findings to determine whether the petitioner's Fourth Amendment rights were violated. *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002). The proper inquiry is whether "the State has provided an opportunity for full and fair litigation of the claim." *Stone v. Powell*, 428 U.S. 465, 494 (1976); *Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012). "[W]here the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the

ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. . . ." *Stone*, 428 U.S. at 482.  The habeas petitioner bears the burden of proving the denial of a full and fair hearing. *Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986).  Even an error in adjudicating a Fourth Amendment claim does not amount to a deprivation of a full and fair hearing. *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006).

In this case the State court afforded Roach a full hearing on this issue, both at the suppression hearing and on review by the Mississippi Supreme Court, and therefore Roach's Fourth Amendment issue is not properly before this Court on habeas review.  The Court recommends that Ground One based on an alleged lack of probable cause for the search warrant should be dismissed.

Identity of the Confidential Informant

In a related argument, Roach contends in Ground Two that given the insufficiency of the basis for issuance of the search warrant, he was entitled to have the CI identified.  Spooner could tell the magistrate only that he believed that the CI had been used by other officers in the past and proved credible.  Roach contends he was entitled to challenge the CI's credibility at the motion to suppress stage.

When the Mississippi Supreme Court considered this claim on appeal, it adopted the reasoning of the Mississippi Court of Appeals: disclosure is required only if the CI participates in the crime or is an eyewitness to the offense. *See Hill v. State*, 134 So. 3d 721, 725 (Miss. 2014).  Since that criteria did not apply to the CI in this case, nondisclosure of the CI's identity was not error and did not entitle

Roach to relief.

The applicable Federal law is set out in the Supreme Court's decision in *Roviaro v. United States*, 353 U.S. 53 (1957). The Fifth Circuit has developed a three-part test from *Rovario* to determine whether the identity of a confidential informant should be disclosed: "(1) the level of the informant's activity; (2) the helpfulness of the disclosure to the asserted defense; and (3) the Government's interest in nondisclosure." *United States v. Ibarra*, 493 F.3d 526, 531 (5th Cir. 2007).

As the Mississippi courts concluded, the CI here had minimal involvement in the events of this case, and therefore the first element weighs against disclosure. In regard to the second element, Roach argues that he wished to challenge the CI's credibility, and thereby show a lack of probable cause for the search warrant. However, because the CI's information only went to establishing probable cause for searching Roach's home, the CI's credibility cannot be put at issue. *United States v. Davis*, 443 F. App'x 9, 13 (5th Cir. 2011). "This is, at least in part, because 'the magistrate is concerned, not with whether the informant lied, but with whether the affiant is truthful in his recitation of what he was told.'" *Id.* (quoting *McCray v. Illinois,* 386 U.S. 300, 307 (1967)). As Roach cannot show that disclosure of the CI's identity would have been helpful to his defense, the second element weighs against disclosure. It is not necessary to consider the third element when the first two do not establish a case for disclosure. *Id*.

For these reasons, it is apparent that the decisions of the Mississippi courts to deny Roach relief on this issue were neither contrary to, nor unreasonable applications of, established Federal law. Accordingly, the Court recommends that Ground Two, based on nondisclosure of the Confidential Informant, should be dismissed.

<u>Arrest of Witness John Henry Clark, Jr.</u>

In Ground Three, Roach argues that the trial court should have declared a mistrial when John Henry Clark, Jr. was arrested when he left the courtroom after testifying on Roach's behalf. Roach contends that the government could have arrested Clark at any time, but by doing it right after Clark had testified interfered with Roach's right to present witnesses, and violated his right to compulsory process.

When this issue was presented on appeal, it was couched as a question of whether arresting Clark for perjury in front of the jury was reversible error. The Mississippi Supreme Court found it was apparent from the record that Clark had been arrested for admitting under oath to a felony offense, not perjury. *Roach v. State*, 7 So. 3d 911, 923 (Miss. 2009). The trial judge allowed Clark to be taken into custody when he completed testimony that included statements that "as he ran out of the house, through the kitchen, he had dropped the bag containing 400 Dilaudid pills and cocaine which law enforcement stated was found by the refrigerator when conducting the search of the house." *Id*. at 921. The Mississippi Supreme Court noted that Clark was an important witness in support of the defense theory that

-11-

Clark had been in possession of at least some of the drugs found in Roach's home, and Clark's arrest for possession of the drugs bolstered the theory. *Id.* at 924. The court found no prejudice to Roach and no error in the trial court's action.

Roach did not challenge the trial court's actions on the basis of his constitutional right to present witnesses or his right to compulsory process, and therefore the state courts did not have the opportunity to examine those issues. To the extent that his claim has now shifted to assert that his rights to present witnesses and to compulsory process were violated by Clark's arrest after he left the courtroom, the claim is unexhausted. *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). As Roach no longer has the opportunity to exhaust the constitutional aspects of his claim regarding Clark's arrest, the claim has been defaulted. *See Finley v. Johnson,* 243 F.3d 215, 220 (5th Cir. 2001). The Court "may resurrect a defaulted claim, and consider its merits" under two narrow exceptions: cause and actual prejudice or miscarriage of justice. *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2005).

Roach has not attempted to argue any external "cause" for his default, and accordingly he has failed to demonstrate the requisite "cause and prejudice" necessary to obtain review of his claims. *Coleman v. Thompson,* 501 U.S. 722, 753 (1991) ("'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[.]"). Nor would failure to address the claims result in a miscarriage of justice. The miscarriage of

justice exception is confined to cases of actual innocence "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citation omitted). Roach does not show, as a factual matter, that he did not commit the crime of conviction. Without any evidence to show that Roach meets the miscarriage of justice exception, the Court finds it inapplicable. Accordingly, the Court recommends that Ground Three, based on Clark's arrest, should be dismissed.

<u>Denial of Co-Defendant Petrice Roach's Motion for Directed Verdict</u>

Roach's co-defendant, Petrice Roach, moved for directed verdict at the close of the prosecution's case. The court denied a directed verdict. But at the close of all evidence, the court granted Petrice a peremptory instruction. Roach argues that the denial of Petrice's motion for directed verdict made it impossible for her to testify on Roach's behalf, and this violated his right to call witnesses in his defense.

The Mississippi courts found that Roach was never prevented from calling Petrice as a witness, and that he should have done so, even if he believed she would invoke her constitutional right to remain silent. *Roach v. State*, 7 So. 3d 911, 926 (Miss. 2009). The court also faulted Roach for failing to attempt 1) a proffer to the trial court of Petrice's expected testimony had her motion for directed verdict been granted, or 2) a showing to the trial court of the harmful effects he would suffer on denial of Patrice's motion. *Id*.

The Federal law at issue here is the Compulsory Process Clause of the Sixth Amendment, which grants a defendant the right to call "witnesses in his favor," a

-13-

right that is guaranteed in the criminal courts of the States by the Fourteenth Amendment. *Washington v. Texas,* 388 U.S. 14, 17-19 (1967). The "clause prohibits a state from arbitrarily denying a defendant the right to put on the stand a witness whose testimony would have been relevant and material to the defense." *Roussell v. Jeane*, 842 F.2d 1512, 1515-16 (5th Cir. 1988) (citation and quotation marks omitted). Given that there is no indication in the record that Roach was prevented from putting Petrice on the stand, the decision of the Mississippi courts to deny Roach relief on this issue was neither contrary to, nor an unreasonable application of, established Federal law. Accordingly, the Court recommends that Ground Four, based on violation of the Sixth and Fourteenth Amendments, should be dismissed.

 Insufficiency of the Evidence 

Roach contends that the prosecution did not establish that the drugs found in the house belonged to him. He argues that his only connection to the drugs was the fact that he lived in the house where the drugs were found. As there were at least four other people in and around the house at the time the drugs were found, Roach argues that the prosecution had to produce additional evidence of his possession of the drugs in order to convict him.

This claim was rejected by the State court on appeal. The sufficiency of the evidence may be considered in a federal habeas petition, but only when the evidence, viewed in the light most favorable to the prosecution, is such that no rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The State

-14-

court found, and the Court agrees, that sufficient evidence supported the jury verdict which found Roach guilty of possession.  Specifically, there was evidence that Roach was alone inside the house, within arm's reach of the cocaine found in the couch cushion, and in close proximity to the bag containing cocaine and hydromorphone found on the kitchen floor.  *Roach*, 7 So. 3d at 927 (¶39).  There were four people outside of the house, all of whom denied possession of the drugs.  *Id.*  Roach points out that he also denied possession of the drugs, and Clark testified that some of the drugs belonged to him.

Rational factfinders could have resolved the conflict in the evidence by finding that Roach possessed the drugs.  In order to convict for possession of drugs in Mississippi, "there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. . . .  Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control."  *Hudson v. State*, 30 So. 3d 1199, 1203 (Miss. 2010).  Possession may also be joint among several persons.  *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008).  Viewed in the light most favorable to the prosecution, there was sufficient evidence to support Roach's convictions for possession of drugs.  Thus, the State court's finding regarding the sufficiency of evidence supporting the possession charges was not contrary to clearly established federal law nor an

unreasonable application of clearly established federal law.[3]  The Court recommends that Ground Five, based on sufficiency of the evidence, should be dismissed.

Roach's Sentence

Roach argues that the sentence imposed by the trial court – 108 years imprisonment and fines totaling three million dollars – is grossly disproportionate. Roach also contends that the court applied a discretionary statutory enhancement, Miss. Code Ann. § 41-29-147, to double his sentences without providing any justification.

On Roach's appeal, the Mississippi Supreme Court agreed with the Court of Appeals that

> Roach's sentences as a drug recidivist pursuant to Mississippi Code Annotated Section 41-29-147 (Rev. 2005) and as a habitual offender pursuant to Mississippi Code Annotated Section 99-19-81 (Rev. 2007) are constitutional. . . .  Roach was convicted of two separate drug offenses, and one of his prior convictions used to enhance punishment under both Sections 41-29-147 and 99-19-81 involved a drug offense.

*Roach*, 7 So. 3d at 919, n.7.

The Mississippi Supreme Court cited the United States Supreme Court decision applicable to Eighth Amendment sentence proportionality analysis, *Solem v. Helm*, 463 U.S. 277, 292 (1983), in finding that there was no inference of gross

---

[3] Roach alternatively argues that his convictions are against the weight of the evidence.  The "weight" of the evidence is not a constitutional claim and is not grounds for relief under 28 U.S.C. § 2254.  *Young v. Kemp,* 760 F.2d 1097, 1105 (11th Cir. 1985).

disproportionality in Roach's case.  This Court finds no error in the State court's application of the law as stated by the United States Supreme Court.

The State court was not presented with the second issue Roach presents here – whether the trial court should have provided a justification for applying the discretionary statutory enhancement.  *See Roach*, 7 So. 3d at 942.  The issue is not reviewable by this Court both because it is unexhausted, and because whether the statute was misapplied is a matter of state law, not federal law.  The Court recommends that Ground Six should be dismissed.

Outside Influence on the Jury

Roach contends that after his direct appeal, he obtained an affidavit from Juror Derrick Tate stating that during a break, Tate had overheard two of the prosecution's witnesses talking about the possible length of Roach's sentence.  Tate heard one of them say "five to eight years," and Tate confirmed with the two witnesses that he had heard correctly.  Tate voted to convict Roach with this information in mind.

When this issue was presented in Roach's application for post-conviction relief, the trial court conducted an evidentiary hearing, and denied relief.  The trial court found that the testimony from Tate was not credible, and as it was essentially the only evidence that the conversation had taken place, there was no extraneous prejudicial information conveyed to the jury.  This finding of fact was upheld by the Mississippi Court of Appeals and the Supreme Court of Mississippi.  This Court must presume that factual findings by the State court are correct.  The finding that

there was no extraneous prejudicial information conveyed to the jury can be disturbed only if Roach rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).  Roach argues only that the State court denied him a full and fair hearing because it did not question any of the other jurors.  This falls well short of Roach's burden to show he is entitled to habeas relief.  The Court recommends that Ground Seven, based on outside influence on the jury, should be dismissed.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that the Petitioner's Application for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254, be denied and this case dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file with the Clerk any written objections to it.  Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy is barred, except

upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    **SIGNED,** this the 4th day of December, 2015.

                                    *s/ John C. Gargiulo*
                                    JOHN C. GARGIULO
                                  UNITED STATES MAGISTRATE JUDGE