```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    SOUTHERN DIVISION

JIMMIE ROACH                                         PETITIONER

VS.                            CIVIL ACTION NO. 1:13CV565TSL-JCG

THE STATE OF MISSISSIPPI AND
CHRISTOPHER P. EPPS, COMMISSIONER
OF THE MISSISSIPPI DEPARTMENT OF
CORRECTIONS                                         RESPONDENTS
```

ORDER

This cause is before the court on the objections of petitioner Jimmie Roach to the report and recommendation entered by Magistrate Judge John C. Garguilo on December 4, 2015.  Having reviewed the report and recommendation and considered the objections, the court concludes that the objections should be overruled based on the following and that the report and recommendation should be adopted as the opinion of the court.

Regarding ground one, petitioner's objection that he was denied a "full and fair opportunity" to litigate the Fourth Amendment issue because the state appellate court disagreed over the underlying facts and because the Mississippi Supreme Court misapplied federal law on this issue is patently without merit. See Stone v. Powell, 428 U.S. 465, 494, 96 S. Ct 3037, 3037, 49 L. Ed. 2d 1067 (1976)(holding that where petitioner received full and fair opportunity to litigate Fourth Amendment claim, he may not receive federal habeas relief on ground that evidence obtained in

unconstitutional search and seizure was introduced at trial); Janecka v. Cockrell, 301 F.3d 316, 321 (5th Cir. 2002) (stating "absent additional allegations that state processes routinely or systematically are applied in such a way as to prevent the actual litigation of Fourth Amendment claims, mistakes that thwart the presentation of Fourth Amendment claims do not render the Stone bar inapplicable"); Swicegood v. Alabama, 577 F.2d 1322, 1324 (5th Cir. 1978)("If the term 'fair hearing' means that the state court must correctly apply federal constitutional law, Stone becomes a nullity.").

As to ground two, petitioner's objection that the disagreement between the state appellate courts as to the legality of the search demonstrates that he is entitled to federal habeas relief is also without merit.  Simply put, the fact that the state appellate courts reached different opinions as to the legality of the search does not demonstrate that the Mississippi Supreme Court's decision was either an unreasonable application of or contrary to the Supreme Court's decision in Roviaro v. United States, 353 U.S. 53, 62, 77 S. Ct. 623, 628-29, 1 L. Ed. 2d 639 (1957)(setting forth, inter alia, three-factor test used to determine whether the identity of an informant should be disclosed to defendant).

Regarding ground 3, petitioner is correct that the exact issue set forth in the current petition was presented to the

Mississippi Supreme Court via his appellate brief, such that this court's consideration is not precluded.[1]  This being said, Roach's objection that the witness's arrest immediately after he testified on Roach's behalf violated Roach's right to present a defense is due to be overruled.  Roach has not purported to demonstrate that the Mississippi Supreme Court's decision that Roach's rights were not violated by the witness's arrest inasmuch as his defense was not prejudiced is either an unreasonable application of or contrary to United States v. Valenzuela-Bernal, 458 U.S. 858, 867-73, 102 S. Ct. 3440, 73 L. Ed. 2d 1193 (1982)(requiring defendant asserting a denial of compulsory process claim to demonstrate some prejudice from government's deportation of potential witness).

As to ground 4, contrary to Roach's apparent assertion otherwise, the Mississippi Supreme Court's decision regarding the alleged violation of Roach's right to call his wife/co-defendant as a witness is neither contrary to or an unreasonable application of Washington v. Texas, 388 U.S. 14, 19, 87 S. Ct. 1920, 18 L. Ed. 2d 1019 (1967) (concluding that Sixth amendment prohibits states from arbitrarily denying defendant right to present witness whose testimony would have been relevant and material to defense).

---

[1] In fact, the argument set out in ground 3 (and almost every other ground presented) of his petition in this court tracks word for word, the brief filed by petitioner's state court appellate counsel.

Turning to ground 5, Roach asserts in a somewhat conclusory manner that the state court's decision violates federal law, particularly Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).  He, however, fails to argue, much less demonstrate the state court's decision was either an unreasonable application of or contrary to Jackson.

Roach's objection regarding ground 6 is likewise overruled.  The Mississippi Supreme Court's decision is neither contrary to or an unreasonable application of Lockyer v. Andrade, 538 U.S. 63, 73, 123 S. Ct. 1166, 1173, 155 L. Ed. 2d 144 (2003)(stating "the only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case" and recognizing continuing viability of Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983)).

Regarding ground seven, Roach has failed to demonstrate that the Mississippi Supreme Court's decision affirming the trial court's finding that Roach had not shown that the jury was exposed to extraneous prejudicial information resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  Further, Roach has not rebutted the presumption of correctness of the state court's factual finding by clear and convincing evidence.

Further, he has not shown that the decision is either contrary to or an unreasonable application of clearly established law. See Remmer v. United States, 347 U.S. 227, 229, 74 S. Ct. 450, 98 L. Ed. 654 (1954) (prohibiting jurors from being subjected to "private communication, contact, or tampering" and considering any such external influences presumptively prejudicial).

Petitioner's request for an evidentiary hearing on ground seven is not well taken. The state court provided Roach with a live evidentiary hearing on this issue. Following the presentation of evidence, the trial court concluded that Roach had failed to establish that the jury was exposed to extraneous prejudicial information. On appeal, the Mississippi Supreme Court affirmed the trial court's conclusion that Roach had not sustained his burden and found that further inquiry with other jurors was not warranted. Contrary to Roach's assertion otherwise, the fact, that one of the dissenting judges at the lower appellate court would have remanded the case for inquiry as to the other jurors does not demonstrate that he did not receive a full and fair hearing.

Based on the foregoing, it is ordered that petitioner's objections are overruled and the report and recommendation of United States Magistrate John C. Gargiulo entered on or about December 4, 2015, be, and the same is hereby, adopted as the finding of this court.

5

It is further ordered that a certificate of appealability is denied. Petitioner has failed to demonstrate that "reasonable jurists would find [this] court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 12th day of April, 2016.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE